```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
J.M. and M.M.,                                               :
                                        Plaintiffs,          :
                                                             :        21 Civ. 6958 (LGS)
                -against-                                    :
                                                             :              ORDER
UNITED HEALTHCARE INSURANCE,                                 :
UNITED BEHAVIORAL HEALTH, and the                            :
CREDIT SUISSE SECURITIES (USA) LLC                           :
GROPU HEALTH CARE PLAN,                                      :
                                        Defendants.          :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 10, 2023, Plaintiffs filed a motion to redact portions of Plaintiffs' Statement of Undisputed Material Facts and Plaintiffs' Motion for Summary Judgment. Neither Defendants nor any third party took a position on Plaintiffs' redaction motion;

WHEREAS, on March 17, 2023, Defendants filed a motion to (1) redact portions of Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, (2) redact portions of Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts and Defendants' Statement of Additional Material Facts and (3) seal the entire Administrative Record. Neither Plaintiffs nor any third party took a position on Defendants' redaction motion;

WHEREAS, on April 28, 2023, Defendants filed a motion to redact portions of Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment. Neither Plaintiffs nor any third party took a position on Defendants' redaction motion;

WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

*Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here -- (1) Plaintiffs' Statement of Undisputed Material Facts, (2) Plaintiffs' Motion for Summary Judgment, (3) Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, (4) Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts and Defendants' Statement of Additional Material Facts, (5) the Administrative Record and (6) Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment -- are judicial documents.  *See Lugosch*, 435 F.3d at 121 ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.").

WHEREAS, the weight of that presumption of access "is of the highest: documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."  *Id.* at 123.

WHEREAS, one consideration that may override the presumption of public access is "the privacy interests of those resisting disclosure."  *Id.* at 120.  "Courts have recognized a privacy interest in medical records."  *Dabiri v. Fed'n of States Med. Bds. of the U.S., Inc.*, No. 8 Civ. 4718, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023).  "Accordingly, courts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records."  *Id.*  Here, Defendants seek to seal the entire Administrative Record, which contains highly sensitive personal and medical information of Plaintiff M.M. and his family;

WHEREAS, another consideration that may override the presumption of public access is the confidentiality of sensitive commercial information. *Syntel*, 2021 WL 1541385, at *3. The parties have not explained why the redactions in the other documents at issue here, which all pertain to references or excerpts from the Milliman Care Guidelines ("MCG"), are commercially or otherwise sensitive. MCG are guidelines used to evaluate claims for payment of medical services. Defendants argue that the United Defendants' agreement with the provider of MCG requires Defendants to maintain these guidelines as confidential. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." (collecting cases)). Even were Defendants to show that the guidelines are "proprietary, copyrighted guidelines licensed to subscribers for a fee," *see Anne A. v. United HealthCare Ins. Co.*, No. 2:20 Civ. 814, 2023 WL 197301, at *5 (D. Utah Jan. 17, 2023), Defendants do not explain how public access to the limited excerpts here -- some of which are included in the motion for summary judgment opinion itself in explaining this Court's reasoning -- would "cause competitive harm" that outweighs the right of public access. *Syntel*, 2021 WL 1541385, at *3. Unlike in *Anne A.*, which granted a motion to seal more complete and extensive versions of the guidelines, 2023 WL 197301, at *1 n.12, only limited excerpts are referenced in this case and Defendants have not submitted affidavits from MCG attesting to the proprietary nature of the guidelines. The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. The parties have not offered a sufficient factual basis to make these findings. It is hereby

**ORDERED** that all motions to redact are **DENIED** without prejudice to renewal. The motion to seal the entire Administrative Record is **GRANTED**. All documents currently filed

4

under seal shall remain under seal at this time. By **October 13, 2023**, the parties shall file renewed motions or shall file unredacted versions of the documents at issue on the public docket.

The Clerk of Court is respectfully directed to close the motions at Dkts. 56, 66 and 75.

Dated: September 29, 2023
       New York, New York

                                        LORNA G. SCHOFIELD
                                  UNITED STATES DISTRICT JUDGE